**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FHMC LLC, et al., | No. CV-23-00876-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Blue Cross and Blue Shield of Arizona Incorporated, | |
| Defendant. | |

Pending before this Court is Defendant Blue Cross and Blue Shield of Arizona, Incorporated's ("BCBSAZ") Motion to Dismiss Plaintiffs FHMC, LLC and FHMC Clinic, LLC's ("FHMC") First Amended Complaint (Doc. 26) with prejudice. For the foregoing reasons, the motion is granted but without prejudice.

**BACKGROUND**

Plaintiffs operate a 24-hour emergency room and medical clinic in Fountain Hills, Arizona. (Doc. 23 at 5.) Plaintiffs provide medical services to patients insured by BCBSAZ and submit claims for reimbursement to Defendant. (*Id.* at 6.) Defendant "is a health insurer that provides fully-insured health insurance plans and acts as a claims administrator to self-funded plans." (Doc. 26 at 2.)

Plaintiffs assert an implied right of action under two federal statutes for two separate periods of claims. They further assert state law causes of action for the same or related claims.

First, Plaintiffs assert a right under the Patient Protection and Affordable Care Act of 2010 ("ACA") to recover amounts paid by BCBSAZ to their insureds for services rendered to those insureds by Plaintiffs. From April 2021 until September 2022[1], BCBSAZ directly reimbursed Plaintiffs for providing medical services to certain BCBSAZ members pursuant to an assignment of rights Plaintiffs have all their patients sign. (Doc. 23 at 7.) During the same time period, however, seventy-one claims made on behalf of forty-seven patients were paid directly by BCBSAZ to the insureds. (*Id.* at 8.) The insureds failed to transfer the reimbursement to Plaintiffs. (*Id.* at 8.) These unpaid reimbursement claims total $467,084.70. (*Id.* at 2, 8.)

Because the ACA mandates group health plans or health insurance companies to "cover emergency services . . . whether the health care provider furnishing such services is a participating provider with respect to such services," 42 U.S.C. § 300gg-19a(b)(1)(B), Plaintiffs claim that it creates an implied private right of action to obtain recovery of these amounts paid by BCBCAZ directly to its insureds. FHMC further claims it creates an implied private right of action to recover for the alleged violations of the No Surprises Act set forth below. Plaintiffs acknowledge that there is no express private right of action under the statute. (Docs. 23 at 19; 29 at 5).

Second, Plaintiffs assert an implied private right of action under the No Surprises Act ("NSA") to recover the allegedly manipulated amounts paid under the Act. The NSA limits the amount an insured patient will pay for emergency services and for certain non-emergency services provided by an out-of-network provider at an in-network facility. 42 U.S.C. §§ 300gg-111, 300gg-131 to -132.

Under the statute, there is a procedure to determine the amount to be paid to an out-of-network provider. *Id.* § 300gg-111(a). Within thirty days after a provider transmits a bill for out-of-network services performed, health insurance insurers must issue an initial payment or notice of denial of payment. *Id.* § 300gg-111(a)(1)(C)(iv), (b)(1)(C). If the

---

[1] The Amended Complaint contains inconsistent allegations regarding the dates involved. Paragraph 39 of the Amended Complaint states the dates were from April 2021 until September 2022. However, paragraph four claims the relevant dates to be from March through December 2021.

out-of-network provider disagrees with the health insurance insurer's determination, or if it does not timely rule on the claim, the provider may initiate a thirty-day period of open negotiation with the insurer over the claim. *Id.* § 300gg-111(c)(1)(A). If the provider and insurer cannot resolve the dispute through negotiation, the parties may then initiate the independent dispute resolution ("IDR") process. *Id.* § 300gg-111(c)(1)(B). "The arbitration process is 'baseball-style,' meaning that the provider and insurer each submit a final offer, and the IDR entity must select one of the two proposed amounts." *GPS of N.J. M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821, at *2 (D.N.J. Sept. 8, 2023) (citing 42 U.S.C. § 300gg-111(c)(5)(A)–(B)). The arbitration decision "shall not be subject to judicial review, except in" four limited circumstances. 42 U.S.C. § 300gg-111(c)(5)(E)(i)(II). But the insurer must make payment on the IDR's determination within thirty days of the determination of payment. *Id.* § 300gg-111(c)(6). The losing party in the IDR process is responsible for paying the IDR fee. *Id.* § 300gg-111(c)(5)(F)(i).

The NSA became effective on January 1, 2022. Thereafter Plaintiffs claim BCBSAZ manipulated the rates it paid prior to the passage of the Act to sharply reduce the amount paid for such claims. (Doc. 23 at 9.) They further allege other manipulation in the amounts due, a failure to explain amounts authorized on claims, and untimely performance under the terms of the statute. (*Id.* at 10-12.) They thus apparently allege an implied right of action under the statute to recover for these violations.

In addition to alleging that Defendant violated their federal statutory rights, Plaintiffs allege that Defendant's actions and/or omissions (1) breach contractual obligations; (2) establish a failure to act in good faith and fair dealing ; (3) cause FHMC to detrimentally rely on BCBSAZ's representations; (4) violate Arizona Prompt Pay laws; (5) entitle FHMC to interest for unpaid and underpaid claims; (6) produce an inequitable benefit at the expense of FHMC; (7) create an unjust retention of benefits provided by FHMC to BCBSAZ; (8) constitute bad faith; (9) misrepresent the terms of BCBSAZ's health insurance policy; (10) deceive FHMC; and (11) interfere with FHMC's prospective

economic advantage. (Doc. 23 at 12–30.) Defendant now moves the Court to dismiss Plaintiffs' First Amended Complaint for failure to state a claim. (Doc. 26 at 2.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Id.* When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Buckey v. Cnty. of L.A.*, 968 F.2d 791, 794 (9th Cir. 1992). Legal conclusions couched as factual allegations, however, are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

**DISCUSSION**

**I.     FHMC Federal Law Claims**

"[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1229–30 (9th Cir. 2008) (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (alteration in original)). "Instead, the statute must either explicitly create a right of action or implicitly contain one." *Id.*

Plaintiffs concede that the ACA and NSA do not provide out-of-network providers "the express right to sue insurers who are also private parties for not following the guidelines of the Act." (Doc. 29 at 5.) Yet, Plaintiffs assert, without citing any authority or an analysis pertaining to whether an implied private right of action exists under either statute, that FHMC has implied private rights of action. (*Id.*)

Factors for determining whether a statute provides an implied right of action are whether (1) plaintiff is of the class for whom the statute was enacted; (2) there is any indication of legislative intent to create or to deny a private right of action; (3) it is consistent with the underlying purposes of the legislative scheme to imply a remedy; and (4) the cause of action is one traditionally relegated to state law. *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1170 (9th Cir. 2013). Since announcing this test, "the Supreme Court has elevated intent into a supreme factor." *Id.* at 1171.

### A. Affordable Care Act

The purpose of the ACA is to make affordable health insurance available to more people. *See* 42 U.S.C. §§ 18001–18122. Moreover, the statute at issue—42 U.S.C. § 300gg-19a—is entitled "Patient protections." Hence, the statute was enacted to protect patients, not providers. Moreover, Congress created an express private right of action to enforce other sections of the ACA, § 18116(a), but did not do so for the requirements outlined in § 300gg-19a. Thus, it is unlikely that "Congress absentmindedly forgot to mention an intended private action" in § 300gg-19a when it simultaneously incorporated a private right of action for discrimination under § 18116(a). *See Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 20 (1979) (quoting *Cannon v. Univ. of Chicago*, 441 U.S. 677, 742 (1979) (Powell, J., dissenting)). Furthermore, Plaintiffs do not cite any precedent that would allow the Court to imply a private right of action. To the contrary, at least one district court ruled that § 300gg-19a does not infer a private right of action. *Somerset Orthopedic Assocs., P.A. v. Horizon Healthcare Servs.*, Inc., No. CV 19-8783, 2021 WL 3661326, at *8 (D.N.J. Aug. 18, 2021); *see Briscoe v. Health Care Serv. Corp.*, 281 F. Supp. 3d 725, 739 (N.D. Ill. 2017) ("[T]he ACA creates a private right of action specifically for [] discrimination claims, but not a general private right of action for consumers to pursue any and all claims against their insurance companies."). Additionally, the parties conceded at oral argument that the ACA does not require BCBSAZ to reimburse FHMC directly for services rendered to their insureds. Nor do Plaintiffs provide any

authority suggesting that BCBSAZ is obliged to recognize and honor the assignment of an insured's rights to Plaintiffs.  Count one is dismissed with leave to amend.

### B.  No Surprise Act

Similarly, the NSA was enacted to prevent insured patients from receiving surprise medical bills for treatment performed by out-of-network providers.  *See* 42 U.S.C. § 300gg-111, -131, -132.  To ensure compliance, Congress created a plan providing for the payment of out-of-network providers by health insurers—IDR arbitration. *Id.* § 300gg-111(c).  The procedure for out-of-network providers that are dissatisfied with the amounts paid by health insurance insurers primarily includes certified IDR entities and restricts judicial review except in four limited circumstances described in Section 10(a) of the Federal Arbitration Act, 9 U.S.C. § 10.  42 U.S.C. § 300gg-111(c)(5)(E).  An implied right of action is incongruous with such a detailed statutory scheme, in which judicial review is limited to specific instances.  Further, Plaintiffs make no effort to suggest that the requirements for an implied private right of action have been met in this case.

Plaintiffs acknowledged at oral argument or in their briefings that Plaintiffs have the option to (1) initiate IDR for all their unpaid or underpaid claims, 42 U.S.C. § 300gg-111(c)(1)(B), (2) notify the Centers for Medicare & Medicaid Services ("CMS") about issues with the IDR process, and (3) "report[] BCBSAZ to CMS for their violations of the NSA," including BCBSAZ's alleged failure to comply with the adjudicatory time limits specified in the statute, (Doc. 29 at 8).  *See also* Ellen Montz, Department of Health & Human Services: Centers for Medicare & Medicaid Services (February 23, 2022), https://www.cms.gov/files/document/caa-enforcement-letters-arizona.pdf  ("CMS will enforce the outcome of the federal independent dispute resolution process for such cases in Arizona.").  There is no implied private right of action in such circumstances.  Accordingly, count two is dismissed with leave to amend.

### C. Employee Retirement Income Security Act

To adequately state a claim under the Employee Retirement Income Security Act (ERISA) section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), "a plaintiff must allege facts

that establish the existence of an ERISA plan as well as the provisions of the plan that entitle it to benefits. Accordingly, a plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Physicians Surgery Ctr. of Chandler v. Cigna Healthcare Inc.*, 609 F. Supp. 3d 930, 936 (D. Ariz. 2022) (quoting Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc., 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015) (internal citation omitted)). Here, Plaintiffs allege some claims "may involve insurance plans under" ERISA, and "Plaintiffs are unable to determine from their position in the billing process which plans are ERISA and which ones are not." (Doc. 23 at 4.) Such statements do not identify the existence of an ERISA plan, nor the terms that entitle Plaintiffs to any benefit.

## II.  FHMC State Law Claims

At oral argument, Plaintiffs conceded that they do not invoke the diversity jurisdiction of this Court, but acknowledged that Plaintiffs' federal law claims provide the basis for the Court's supplemental jurisdiction over the state law claims. Those federal law claims are dismissed for failure to state a claim. Because the jurisdiction granting claims are dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims. District courts may "decline to exercise supplemental jurisdiction over" state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 26) is **GRANTED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' Amended Complaint (Doc. 23) is **DISMISSED without prejudice** pursuant to Rule 12(b)(6). Plaintiffs are granted thirty days in which to file an amended pleading that cures the deficiencies discussed above.

/ / /

/ / /

**IT IS FURTHER ORDERED** that if Plaintiffs fail to file a second amended complaint within thirty days of the date of this Order, the Clerk of Court is directed to dismiss the amended complaint with prejudice and terminate this matter.

Dated this 3rd day of April, 2024.

_____
G. Murray Snow
Chief United States District Judge